1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TROY ANDERSON,

11              Petitioner,                    No. 2:09-cv-1265 JFM

12        vs.

13   D.A. LEO MANGOBAS, et al.,

14              Respondents.              ORDER AND

15   _____/        FINDINGS & RECOMMENDATIONS

16              Petitioner, a county jail inmate proceeding pro se, has filed an application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma

18   pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the

19   showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be

20   granted.  28 U.S.C. § 1915(a).

21              Petitioner claims he has a conflict with his appointed counsel who is representing

22   him in a domestic dispute.  Petitioner was arrested on March 2, 2009, and had a pretrial hearing

23   in state court on April 10, 2009.  Petitioner also contends his Sixth Amendment confrontation

24   rights have been violated and that the prosecution has allowed witnesses to commit perjury.

25              Federal courts cannot interfere with pending state criminal proceedings, absent

26   extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

1

U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980).[1]

After reviewing the petition for habeas corpus, the court finds that this action is barred by Younger. Id., 401 U.S. at 45-46. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

/////

---

[1] Petitioner must exhaust his state court remedies prior to bringing a petition for writ of habeas corpus to federal court. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1      2.  The Clerk of the Court is directed to serve a copy of these findings and

2   recommendations together with a copy of the petition filed in the instant case on the Attorney

3   General of the State of California;

4      3.  The Clerk of the Court is directed to assign a district judge to this case; and

5      IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

6   habeas corpus be dismissed without prejudice.

7      These findings and recommendations will be submitted to the United States

8   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

9   twenty days after being served with these findings and recommendations, petitioner may file

10  written objections with the court.  The document should be captioned "Objections to Findings

11  and Recommendations."  Petitioner is advised that failure to file objections within the specified

12  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

13  (9th Cir. 1991).

14  DATED:  May 26, 2009.

15

16                                         UNITED STATES MAGISTRATE JUDGE

17

18  /001; ande1265.30

19

20

21

22

23

24

25

26

3