1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TROY ANDERSON,                         No. 2:09-cv-1265 MCE JFM (HC)

12              Petitioner,

13       vs.                                ORDER

14   LEO MANGOBAS, et al.,

15              Respondents.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

20          On May 27, 2009, the magistrate judge filed findings and recommendations herein which

21   were served on petitioner and which contained notice to petitioner that any objections to the

22   findings and recommendations were to be filed within twenty days.  Petitioner has filed

23   objections to the findings and recommendations.

24   ///

25   ///

26   ///

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff also seeks leave to amend the petition in this action to file a civil rights complaint alleging a violation of his constitutional rights.  However, plaintiff is again challenging actions taken during his ongoing criminal case, only now he seeks to assert allegations as to the prosecutor, not defense counsel.

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

All of petitioner's complaints alleged in the proposed amended complaint pertain to the prosecution of the pending criminal action.  Thus, the prosecutor is entitled to prosecutorial immunity.  See Stevens, 608 F.Supp. at 728.  Because it would be futile to allow petitioner to amend his complaint to pursue such an action against the prosecutor, his request to file an amended civil rights complaint will be denied.

On June 3, 2009, petitioner filed a second motion to proceed in forma pauperis.  Petitioner was granted leave to proceed in forma pauperis on May 27, 2009; thus, his new request is unnecessary and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed May 27, 2009, are adopted in full.

2.  Petitioner's application for a writ of habeas corpus is dismissed without prejudice.

3.  Petitioner's June 3, 2009 request to file an amended civil rights complaint is denied.

4.  Petitioner's June 3, 2009 motion is denied.

Dated:  July 1, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE